HEMAN S. LUCAS *vs.* HENRY D. WILCOX.

Hampden. Sept. 26, 1882. — May 7, 1883. FIELD, COLBURN & HOLMES, JJ., absent.

An action at law for damages for breach of a covenant of title in a deed of land, in which the plaintiff claimed to be entitled to recover for two undivided thirds of the value of the land, was restrained by a bill in equity, and it was decided that the plaintiff in the action at law was estopped to claim damages for more than one sixth of the value of the land. *Held,* that, although the *ad damnum* named in the writ was less than two thirds of the value of the land, he was entitled to one sixth of the entire value, if this did not exceed the *ad damnum.*

CONTRACT. The declaration alleged that the defendant, by deed dated in April, 1869, and containing full covenants of warranty, conveyed to the plaintiff and one Charles Alden two undivided third parts of all the ores, metals and minerals, in and upon a certain lot of land in Chester (described by metes and bounds); that subsequently said Alden conveyed his one third to the plaintiff; that the plaintiff entered and took possession under his deed from the defendant; that the Chester Emery Company brought an action of tort against the plaintiff for entering upon the premises and taking minerals therefrom, and

recovered judgment against the plaintiff in the sum of $3141.50 damages, and ousted the plaintiff from the estate; that the defendant had knowledge of the above, and did not defend the same; and that the plaintiff had suffered loss, in addition to the judgment, to the amount of $2000. The *ad damnum* stated in the writ was $5000.

At the trial in the Superior Court, before *Bacon*, J., without a jury, it appeared that after this suit was brought Wilcox brought a bill in equity against Lucas and Alden to reform the deed to them executed in April, 1869, and to restrain Lucas from prosecuting this action at law; that the suit in equity was heard on a report which stated that the land in question was, in 1864, owned by Erastus Wright, who conveyed to Lucas the right to take minerals from a portion of the lot ten rods wide, and in March, 1869, conveyed to Wilcox all the minerals in and upon the whole lot, excepting and reserving all rights, privileges and easements conveyed by Wright to Lucas by the first deed; that Wilcox and Lucas bought the property described in the second deed on joint account, and as equal owners, and the deed was made to Wilcox alone, he holding the property under it as trustee for Lucas and himself, because Lucas did not wish to be known in the matter; that, while the property was so held, Wilcox and Lucas together negotiated a sale of an undivided third part to Alden, and on April 1, 1869, Wilcox executed a deed of warranty, with the usual covenants to Lucas and Alden, purporting to convey to them two undivided third parts of all the rights, privileges and easements described in the second deed; that this deed was, as between Wilcox and Lucas, intended and understood to be an execution of the trust above mentioned, and that the reservation of the rights conveyed by the first deed was omitted by mistake; that Alden knew nothing about the vein of iron ore or the first deed; that on May 2, 1870, Wilcox conveyed his remaining third part of the property to Lucas, and Alden also afterwards conveyed his share to Lucas; that the Chester Emery Company, which had become the owner of the rights conveyed by the first deed, brought an action of tort in the nature of trespass against Lucas, and recovered judgment for something more than $3000, whereby it was ascertained and determined that the minerals described in

the first deed were upon the land described in the second and third deeds; that Lucas paid that judgment, and then brought this action at law.

It further appeared that, upon this report, the court decided that the plaintiff was entitled to an injunction restraining Lucas from setting up the deed of April 1, 1869, or the covenants therein contained, as applicable to the vein of iron ore, so far as regarded one undivided half of the premises, consisting of the third part conveyed to Lucas by that deed, and of one half of the third part which was thereby conveyed to Alden and afterwards conveyed by Alden to Lucas, and also restraining Lucas from prosecuting his action against Wilcox upon these covenants, except so far as might be necessary to ascertain the amount of the damages, until he should have procured Alden's assent, either to such reformation of that deed, or to such release, as would secure the plaintiff's rights, and until such reformation should have been ordered by the court, or such release executed by the parties; (see *Wilcox* v. *Lucas*, 121 Mass. 21;) and that a decree was entered accordingly.

The defendant contended that, as the *ad damnum* named in the writ was $5000, the judge could not find that the value of the two thirds conveyed to the plaintiff exceeded $5000; and that the judge should find the total damages for the breach of the covenants declared upon not to exceed said sum.

The judge ruled that it was competent for him to find that the total value of the mine exceeded the *ad damnum*, and to find as damages in this action one sixth of the total value of the mine, if said sixth did not exceed $5000; and thereupon found the total value of the mine to be $18,000; and ruled that the plaintiff was entitled to recover one sixth thereof, namely $3000. The defendant alleged exceptions.

*C. L. Long*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

BY THE COURT. Under the pleadings and evidence, the plaintiff was entitled to recover, at law, upon the covenants as to two thirds of the land, but it appeared that in equity he was entitled to recover only upon the covenants applicable to one sixth; the plaintiff having elected to have his damages assessed for the one sixth to which he was entitled in equity,

as the damages for the breach of the covenants, and they having been so assessed, the defendant has no ground of complaint; and the sum assessed being less than the *ad damnum*, there will be no difficulty in entering judgment for the amount of the finding.       .                  *Exceptions overruled.*